UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE FARM LLOYDS, § § Plaintiff, § VS. § CIVIL ACTION NO. 6-12-19 § POLARIS INDUSTRIES, INC., *et al*, § § Defendants. § | |

# MEMORANDUM OPINION AND ORDER

In September 2009, Robert and Sally Leinen bought a Polaris Ranger ATV from a Polaris dealer in Victoria, Texas. Two years later, a fire that allegedly originated in the ATV destroyed the Leinens' home and everything in it. The Leinens' insurer, State Farm Lloyds, indemnified the Leinens, and then brought suit as a subrogee in state court against manufacturer Polaris Industries, Inc. and the local dealer who sold the Polaris ATV, Bosart's Polaris and Victoria Cycle Shop. The Leinens intervened as plaintiffs.

Out-of-state defendant Polaris removed the case on diversity grounds arguing that defendant Bosart, who like plaintiffs State Farm and the Leinens is a citizen of Texas, was improperly joined. State Farm and the Leinens now seek remand. For the reasons discussed below, the Court concludes that no viable cause of action exists against the local seller Bosart. Diversity jurisdiction thus exists in this case and the Motion to Remand is DENIED.

I.   **BACKGROUND**

State Farm alleges that a manufacturing defect in the ATV caused the fire. *See* Docket Entry No. 1-5, at 4 ("Defendants designed and manufactured the Vehicle and components defectively, which caused the product to fail and the resulting fire.  The product was defective and unsafe for its intended purposes at the time it left the control of Defendants and at the time it was sold to Mr. and Mrs. Leinen.").  According to the state court petition, "the Vehicle was in the same condition at the time the fire occurred as it was when it was originally manufactured and at the time it was sold to Mr. and Mrs. Leinen." *Id*. at 3.  The only reference in the petition to any post sale servicing of the ATV is the following phrase included among a litany of negligence allegations: Defendants failed "to properly service the Vehicle when presented for repair work." *Id*. at 4.

The parties agree that the required complete diversity is lacking if all parties are properly joined in this case.  The Plaintiff and Intervenors are Texas citizens.  Although Defendant Polaris is a citizen of Minnesota and Delaware, Bosart is a citizen of Texas.  Jurisdiction in this case thus turns on whether Bosart is a legitimate defendant.

**II.     DISCUSSION**

    **A.     The Law of Improper Joinder**

The improper joinder doctrine is a narrow exception to the complete diversity rule. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted). Under the second test, the removing party must show "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

In assessing whether a plaintiff has a reasonable basis of recovery, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In conducting this inquiry, the district court must resolve all factual disputes and state law ambiguities in favor of

the plaintiff. *Travis*, 326 F.3d at 649. If there is no reasonable basis for recovery, the district court can conclude that the in-state defendant was improperly joined. *McDonal*, 408 F.3d at 183.

The parties devote much of their briefing to whether this "Rule 12(b)(6)-type analysis" means the post-*Iqbal* and *Twombly* federal standard or the less demanding Texas fair notice pleading standard. *See Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *2–6 (S.D. Tex. Dec. 8, 2010) (surveying case law regarding this debate and concluding that "[t]he majority of courts have held that a federal court should not look to the federal standard for pleading sufficiency."). But the remand question in this case does not turn on that distinction, which is largely one about the specificity required in pleadings. *See id.* at *3 (explaining the difference between the 12(b)(6) and Texas fair-notice standards). Rather, the Court concludes that joinder of Bosart is improper under either standard because a negligence claim against a post-sale servicer of a product for failing to discover and warn about a manufacturing defect fails as a matter of law, no matter how specific the allegations. [1]

---

[1] In its supplemental briefing, Polaris asks this court to consider whether this is the rare case in which, because "a plaintiff has stated a claim, but has misstated or omitted discrete facts . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Piercing the pleadings is unnecessary, given the Court's holding that the claim as pled fails to state a viable cause of action.

### B. The Claims Asserted Against Bosart

Because State Farm's petition asserts allegations jointly against Polaris and Bosart, it can be read to allege claims against Bosart arising at the time it sold the Polaris ATV. But in its Motion to Remand, State Farm appears to acknowledge its inability to make out such claims against a local dealer like Bosart as the mere seller of a product containing a manufacturing defect. Docket Entry No. 13, at 9 (noting that the argument for remand "focuses on State Farm's allegations of Bosart's negligent servicing of the Leinens' vehicle"). That concession is wise in light of the Texas statute providing nonmanufacturing sellers immunity from products liability suits. *See* Tex. Civ. Prac. & Rem. Code Ann. § 82.003. Texas federal district courts have held that any theory of recovery pleaded against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a), even if the allegations would otherwise state a valid claim under Texas law. *See e.g.*, *Alonso v. Maytag Corp.*, 356 F. Supp. 2d 757, 761 (S.D. Tex. 2005); *Garcia v. Nissan Motor Co.*, No. M-05-59, 2006 WL 869944, at *6 (S.D. Tex Mar. 30, 2006) (citations omitted); *Bogamy v. Harrison Cnty.*, No. 2:11-cv-88-JRG, 2012 WL 1357711, at *3 (E.D. Tex. Apr. 19, 2012) (citations omitted). Because State Farm's petition fails to allege that any of the statutory immunity exceptions apply to Bosart and its remand briefing appears to

concede this point, the Court finds that State Farm has failed to state a viable negligence claim against Bosart as a nonmanufacturing seller.

State Farm focuses its attempt to get this case back to state court on its negligence claim against Bosart based on his alleged post-sale servicing of the ATV. State Farm has alleged that Bosart serviced the Ranger after selling it and that in servicing the Ranger, Bosart failed to fix a known or reasonably knowable defective condition. Docket Entry No. 1-5, at 2–4, 6. State Farm recognizes that given its allegations of a manufacturing defect, "it follows that whatever service Bosart performed on the vehicle did not cause the fire, except in a negative sense, *i.e.*, Bosart failed to fix a known or reasonably knowable defective condition that caused the fire." Docket Entry No. 13, at 7–8.

Another case in this district confronted the same allegation of negligent servicing "in a negative sense" and found the theory of recovery insufficient to overcome a claim of improper joinder. *See Rubin v. DaimlerChrysler Corp.*, No. H044021, 2005 WL 1214605, at *1 (S.D. Tex. May 20, 2005). Rubin brought suit against both the manufacturer and the nonmanufacturing seller of a Jeep due to a product defect that caused the Jeep to appear to be in the park position when it was actually in reverse. Rubin alleged, among other claims, negligent repair on the part of the Jeep's servicer, who was also the nonmanufacturing seller. *Id.* at *9. Judge Rosenthal found that Rubin failed to state a valid claim because

> Rubin alleged only that the routine service performed by the in-state defendants provided them an unused opportunity to warn about the [defect]. Rubin did not allege facts or a legal theory that would permit the in-state defendants to be liable under state law for negligently performing service work that altered the design on manufacture . . . and contributed to the cause of the accident.

*Id.* So too here, State Farm has not alleged that Bosart altered the Ranger or contributed to the cause of the accident. State Farm's allegations constitute little more than the "unused opportunity to warn" that failed to state a viable claim in *Rubin*. *Id.*

The two cases State Farm cites in support of its negligent servicing cause of action are not cases like this one in which the servicer was allegedly negligent for not detecting and warning about a pre-existing manufacturing defect. Rather, they involved allegations that the servicer engaged in affirmative acts that altered and damaged the vehicles. In one, the plaintiff sued mechanics for negligently performing an oil change that "completely eroded [the engine] due to oil starvation" because the mechanics had either used an improperly sized gasket or improperly replaced the existing gasket, causing oil to slowly leak from the engine. *2 Fat Guys Inv., Inc. v. Klaver*, 928 S.W.2d 268, 270–71 (Tex. App.—San Antonio 1996, no writ.). In the other, the plaintiff sued a mechanic for negligently performing a valve job that caused the truck's engine to be improperly timed. *Blackwood v. Tom Benson Chevrolet Co.*, 702 S.W.2d 732, 733 (Tex. App.—San Antonio 1985, no writ). State Farm cites no Texas case, nor could this Court find

any, that imposes a duty on a post-sale servicer to discover and warn about a latent manufacturing defect. The Court therefore concludes that there is no reasonable basis to believe that Plaintiffs will be able to recover from Bosart.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's and Intervenors' Motion to Remand (Docket Entry No. 13) is **DENIED**. This case will proceed in federal court.

SIGNED this 11th day of September, 2012.

_____
Gregg Costa
United States District Judge